UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:07-cr-0162 OWW |
| ) | |
| Plaintiff, ) | ORDER DENYING DEFENDANT'S |
| ) | MOTION TO DISMISS COUNT |
| v. ) | THREE OF THE SUPERSEDING |
| ) | INDICTMENT |
| JESS TEDDER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the Defendant's Motion to Dismiss Count 3 of the Superseding Indictment on constitutional grounds under the Commerce Clause.

## THE CHARGES IN COUNT THREE

The Defendant is charged by a three count Superseding Indictment with one count of receipt and one count of possession of images depicting the sexual exploitation of minors in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(a)(4)(B). He is also charged in Count Three with production of material involving the sexual exploitation of minors and aiding and abetting in violation of 18 U.S.C. §§ 2251(b) and (2).

Count Three alleges:

1

| | |
|---|---|
| 1 | . . . Having custody and control of a person under the age of 18, knowingly permitted such person to engage in sexually explicit conduct, specifically including the lascivious exhibition of the genitals and pubic area of said minor for the purpose of producing any visual depiction of such conduct, specifically a photograph, and such visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by computer . . . . |

The government asserts that in a statement taken from the Defendant at or about the time a criminal complaint was filed on June 12, 2007, the Defendant stated that he had photographed the vagina of his one and one-half year old granddaughter and saved the images on a disk. Defendant stated he took the images "to see if [he] could get away with it." Defendant stated that he coerced his granddaughter's eight year old sister to take the baby's clothes off by promising her that she could play on his computer if she helped him. Defendant further admitted to inappropriately photographing his now eight year old granddaughter. Defendant stated that when the child was approximately four to five years old he would photograph her vagina and had previously placed the child's hand on her vagina to simulate masturbation and photographed that as well.

The government offers to prove that Defendant paid for and received child pornography, possessed commercially available child pornography that he downloaded via the Internet, and produced photographs depicting sexually explicit conduct of his step-grandchildren. The government asserts it will prove that the photographs were produced using materials that had been mailed, shipped, or transported across state lines. To take the photos, Defendant used a Sony camera, which was manufactured

outside the State of California.

### LAW AND ANALYSIS

Defendant argues that Ninth Circuit precedent, *United States v. McCoy*, 323 F.3d 1114, 1122-23 (9th Cir. 2003), found § 2251(b) unconstitutional when applied to a simple intrastate possession case in which visual depictions of the sexual exploitation of minors had not been mailed, shipped, or transported in interstate commerce, was not intended for interstate distribution, nor for any economic or commercial use (including trading for other pornographic images).  Defendant analogizes this case to *McCoy*. In *McCoy*, a father took a single photograph of his ten-year old daughter and her intoxicated mother, both posed partially nude with genitals exposed.  In *McCoy*, the Defendant did not have a collection of child pornography, nor did he attempt to collect child pornography.

The *McCoy* court held that the Commerce Clause did not reach home-grown child pornography intended for personal use only, as the Defendant's conduct did not have, nor was intended to have, any significant interstate connection or substantive effect on interstate commerce.  *Id.* at 1117.  This view of the economic reach of the child pornography laws under the Commerce Clause has been changed by *Gonzalez v. Raich*, 125 S.Ct. 2195, 2205 (2005), where the Supreme Court reaffirmed that the Commerce Clause empowers Congress to regulate purely local intrastate activities, so long as they are part of an "economic class of activities that have a substantial effect on interstate commerce;" *citing Wickerd v. Filburn*, 317 U.S. 111, 128-29 (1942).

In *United States v. Forrest*, 429 F.3d 73, 78 (4th Cir. 2005) the Fourth Circuit interpreted *Raich* and reasoned that Congress had a rational basis to conclude that prohibition of mere local possession of a commodity was essential to the regulation of "an established, albeit illegal interstate market." Just as Congress rationally concluded that demand might draw home-grown marijuana into interstate markets, thereby "frustrat(ing) the Federal interest in eliminating commercial transactions in the interstate market in their entirety," *id.* at 2207, so too might Congress rationally fear that homemade child pornography might find its way into interstate commerce. *Cf. id.* at 221. ("The Congressional judgment that an exemption for such a significant segment of the total market would undermine the orderly enforcement of the entire regulatory scheme is entitled to a strong presumption of validity.") *Forrest* found in the context of child pornography that ". . . Much of material traded on that interstate market is homemade." *See, United States v. Buculei*, 262 F.3d 322, 329 (4th Cir. 2001) (holding that possession and production of child pornography "is economic in nature").

Congressional findings were made in the Child Pornography Prevention Act of 1996, Pub. L. 104-208, 110 Stat. 3009-27 ("[P]rohibiting the possession and viewing of child pornography will . . . help [ ] to protect the victims of child pornography and to eliminate the market for the sexual exploitative use of children"). *Buculei*, 262 F.3d at 329 ("[T]here are ample Congressional findings to support the proposition that production and possession of child pornography substantially affect interstate commerce").

4

The Fourth Circuit held in *Forest* that, as in *Raich*, the general regulatory scheme governs "quintessentially economic" activities. *Raich*, 125 S.Ct. at 2211. "Because Congress possessed a rational basis for concluding that the local production and possession of child pornography substantially affect interstate commerce, 'the *de minimus* character of individual instances arising under the statute is of no consequence." *Id.* at 2206 (quoting *United States v. Lopez*, 514 U.S. 549, 558 (1995)). A defense based on a constitutional challenge premised entirely on the asserted *de minimus* economic effect of the child pornographer's activities cannot succeed.

Although Defendant at oral argument remonstrated that the District Court is bound by the Ninth Circuit's decision in *United States v. McCoy, supra*, 323 F.3d at 122-23, this ignores that *Gonzalez v. Raich*, 545 U.S. 1, 17-19, a Supreme Court case, rejects the analysis in *McCoy*. As noted by Judge Levi in *U.S. v. Panner*, 2007 WL 549925 (E.D. Cal. 2007) "all Circuits after *Raich,* to consider the constitutionality of §§ 2251(a) and 2252(A) as applied to non-commercial child pornography, have concluded that the statute adopted the same approach in finding that 18 U.S.C. § 922(o) banning homemade machine guns was constitutional under *Raich*. The Ninth Circuit has addressed, in *United States v. Stewart*, 451 F.3d 1071, 1074, n.5 (9th Cir. 2006), the issue of *McCoy's* continuing vitality. In *Stewart*, 451 F.3d at 1076-77, the Ninth Circuit acknowledged that its pre-*Raich* jurisprudence (as exposited by *McCoy*) must now be abandoned. Defendant ignores the current state of the law by arguing that the District Court, in this case, is bound by the

5

Ninth Circuit decision in *McCoy*, which is still "controlling." While *McCoy* has not been expressly overruled, it is no longer good law. Rather than follow the Ninth Circuit *McCoy* decision as Defendant has suggested, it is the duty of a District Court to follow Supreme Court precedent. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). *See also, United States v. Forrest*, 429 F.3d 73, 1074-75 (4th Cir. 2005); *United States v. Geronimo-Bautista*, 425 F.3d 1266 (10th Cir. 2005); *Raich and Wickerd v. Filburn*, 317 U.S. 111 (1942) (holding Congress could regulate a farmer's intrastate production and consumption of wheat, a fungible commodity, where such a failure to regulate local intrastate noncommercial activity would preclude effective regulation in the interstate market for wheat), control the analysis.

## CONCLUSION

For all the reasons stated above, the Court is bound by the United States Supreme Court analysis in *Raich* and *Stewart's* recognition, by the Ninth Circuit, that *McCoy* is no longer good law. Defendant's Motion to Dismiss the Third Count of the Indictment as unconstitutional is DENIED, as the statute in dispute, 18 U.S.C. § 2251(b), is lawful under the Commerce Clause.

IT IS SO ORDERED.

Dated:   February 25, 2008                    /s/ Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE